# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| RODDERICK T. DAVIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | CASE NO. 1:13-CV-10 (WLS) |
| JASON FERGUSON, *et al.*, | : | |
| Defendants | : | **O R D E R** |

*Pro se* Plaintiff **RODDERICK T. DAVIS**, a federal prisoner, has filed a "Petition for Writ of Mandamus" (Doc. 1). Plaintiff seeks to compel the Defendants to certify that he furnished substantial assistance in the prosecution of other federal criminals so that his sentence might be reduced under Rule 35(b) of the Federal Rules of Criminal Procedure.

The Court's filing fee for commencement of this action is $350. Plaintiff has neither paid the fee nor moved to proceed *in forma pauperis* ("IFP"). Solely for purposes of the Court dismissing this action, Plaintiff shall be allowed to proceed IFP.

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

Plaintiff alleges that following his conviction on drug charges, he entered into an

1

agreement with the individual Defendants, who were prosecutors or investigators in the Albany Division of the Middle District of Georgia.  Under the alleged agreement, Plaintiff's sentence might be reduced if he provided the Defendants with "substantial assistance" in the "investigation and/or prosecution" of other individuals.  According to Plaintiff, he and his brother provided the Defendants with such substantial assistance, but the Defendants failed to honor the agreement to move for a Rule 35(b) motion in his case.

Rule 35(b) provides:  "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed.R.Crim.P. 35(b)(1).  The rule imposes additional requirements where the defendant provides "substantial assistance" more than one year after his sentencing.  Fed.R.Crim.P. 35(b)(2).

Unfortunately for Plaintiff, prosecutors generally cannot be compelled to file a Rule 35(b) motion.  ***See e.g.***, ***Wade v. United States***, 504 U.S. 181, 185 (1992); ***United States v. Fernandez-Leal***, 420 F. App'x 947 (11th Cir. Apr. 1, 2011).  "Federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as race or religion."  ***United States v. Uribe***, 486 F. App'x 823, 825 (11th Cir. Aug. 14, 2012) (*citing Wade*, 504 U.S. at 185-86).  There is no suggestion in Plaintiff's motion that the Defendants were motivated by a constitutionally impermissible motive.  Indeed, Plaintiff states that he was told he would not receive a sentence reduction recommendation unless the other individuals were convicted in a jury trial.  None were so convicted.

In light of the foregoing, Plaintiff's petition for mandamus relief is hereby **DISMISSED** pursuant to section 1915A(b)(1) for failure to state a claim.

**SO ORDERED**, this  5th  day of April, 2013.

/s/ W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE