IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RODDERICK T. DAVIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | CASE NO. 1:13-CV-10 (WLS) |
| JASON FERGUSON, *et al.*, | : | |
| Defendants | : | **O R D E R** |

Before the Court is Plaintiff **RODDERICK T. DAVIS'** motion for reconsideration of the undersigned's April 5, 2013 Order (Doc. 4). Plaintiff asks that the Court reconsider its denial of his "Petition for Writ of Mandamus." He seeks to compel the Defendants – prosecutors or investigators in the Albany Division of the Middle District of Georgia – to certify that Plaintiff provided substantial assistance in the prosecution of other federal criminals, so that his sentence might be reduced under Rule 35(b) of the Federal Rules of Criminal Procedure. The Court denied Plaintiff's Petition because it cannot compel the Defendants to move for a Rule 35(b) reduction of Plaintiff's sentence.

In the instant motion, Plaintiff emphasizes that he wishes not that the Defendants file a motion, but only that they "certify" his substantial assistance. As the Northern District of Georgia stated in a similar case filed by Plaintiff, "This distinction does not alter the outcome of this case." ***Davis v. United States of America***, 1:12-cv-3650-CAP (N.D. Ga. Feb. 13, 2013) (Doc. 9). Indeed, the Eleventh Circuit Court of Appeals recently reiterated, "Absent a motion by the

1

government, a federal court has no authority to grant a sentence reduction." *U.S. v. Graham*, No. 12-12612, 2013 WL 1789502 at *1 (11th Cir. Apr. 26, 2013) (*citing United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009)).

In light of the foregoing, Plaintiff's motion for reconsideration is hereby **DENIED**.

**SO ORDERED**, this  8th   day of May, 2013.


/s/ W. Louis Sands_____
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE